Bernard M. BRANSON, individually and on behalf of all others similarly situated, Plaintiff Below, Appellant,

v.

EXIDE ELECTRONICS CORPORATION, Alex. Brown & Sons, Inc., Donaldson, Lufkin & Jenrette Securities Corporation, James A. Risher, Conrad A. Plimpton, Lance L. Knox, Donald S. Beilman, Wayne L. Clevenger, James E. Fowler, Scott M. Hand, Warren J. Sinsheimer, Randall C. MacCleary, Inco Battery Holdings Corporation, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: May 25, 1993.
Decided: June 2, 1993.

Pamela Tikellis and Carolyn D. Mack of Greenfield & Chimicles, Wilmington, and Daniel W. Krasner (argued), and Edward P. Dietrich of Wolf, Haldenstein, Adler, Freeman & Herz, New York City, for appellant.

R. Franklin Balotti and Anne C. Foster (argued), of Richards, Layton & Finger and Donald J. Wolfe, Jr. of Potter, Anderson & Corroon, Wilmington, and David Clarke, Jr. of Piper and Marbury, Washington, DC, for appellees.

Before HORSEY, MOORE and HOLLAND, JJ.

HOLLAND, Justice:

On May 3, 1990, the plaintiff-appellant, Bernard M. Branson ("Branson"), on behalf of himself and all others similarly situated, filed a class action complaint (the "complaint") against Exide Electronics Corporation ("Exide"), its Board of Directors (the "individual defendants"), and the underwriters of Exide's initial public offering (collectively the "defendants"). The complaint alleges that defendants violated Sections 11 and 12 of the Securities Act of 1933, by disseminating a materially misleading registration statement and prospectus (the "Prospectus") in connection with the public offering of 1,200,000 shares of Exide common stock at $12.50 per share.

On August 10, 1990, the defendants filed an amended motion to dismiss,[1] arguing that the Court of Chancery did not have personal jurisdiction over the individual defendants, that the Prospectus did not contain any actionable misrepresentations or omissions, and that Branson's claims were premature.

On September 14, 1992, the Court of Chancery issued an opinion and order dismissing the entire complaint under Chancery Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In that opinion, the Court of Chancery never ruled on the Rule 12(b)(2) portion of the amended motion to dismiss, which asserted that it had no jurisdiction over the individual defendants.

In this direct appeal, Branson contends that the Court of Chancery did not construe the factual allegations of the complaint and all reasonable inferences therefrom in favor of the non-moving party. Therefore, Branson contends that the Court of Chancery erred in dismissing the complaint, based upon its finding that the misrepresentations alleged by Branson in the Prospectus were not actionable. Branson also contends that the Court of Chancery committed an error of law by ruling on the merits of the motion to dismiss for failure to state a claim without first determining that it had personal jurisdiction over the individual defendants.

This Court has concluded that the Court of Chancery should have decided the personal jurisdictional challenge regarding the individual defendants, raised by Exide's motion to dismiss, prior to addressing the substantive aspect of that motion with re-

1. On June 28, 1990, the defendants filed a motion to dismiss. By an August 10, 1990 stipulation, approved by the Court of Chancery on August 16, 1990, Branson withdrew Count III of the complaint for breach of fiduciary duty. As a result, the defendants filed an amended motion on August 10, 1990.

spect to all defendants. Accordingly, this matter will be remanded to the Court of Chancery for that purpose. This Court will retain jurisdiction. Supr.Ct.R. 19(c).

### Personal Jurisdiction Condition Precedent to Judicial Action

 Court of Chancery Rule 12(g) requires the consolidation of any 12(b) defenses in a single pre-answer motion. Moreover, a defendant may join an objection to personal jurisdiction, pursuant to Rule 12(b)(6), with any other defenses that are assertable in a Rule 12(b) motion, without waiving the jurisdictional challenge. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1351 at 243–44 (1990). Thus, Exide properly joined in one amended motion to dismiss, its objection to personal jurisdiction over the individual defendants, pursuant to Rule 12(b)(2), and its contention that the complaint failed to state a claim, pursuant to Rule 12(b)(6). *Id.*

 The operative effect of a dismissal depends upon the basis selected for granting the Rule 12(b) motion. *Arrowsmith v. United Press International*, 320 F.2d 219, 221 (2d Cir.1963). "A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice." *Id.* Consequently, a court's finding of personal jurisdiction is not only a condition precedent to a proper exercise of its own judicial authority, but it is determinative of the course of other litigation between the same parties.

### Conclusion

 A court without personal jurisdiction has no power to dismiss a complaint for failure to state a claim. *Arrowsmith v. United Press International*, 320 F.2d at 221. *Accord Madara v. Hall*, 916 F.2d 1510 (11th Cir.1990); *Falkirk Mining Co. v. Japan Steel Works Ltd.*, 906 F.2d 369, 372 (8th Cir.1990). The Court of Chancery erred by granting the individual defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim, without first ruling expressly upon the individual defendants'

12(b)(2) motions to dismiss for lack of personal jurisdiction. *See Sternberg v. O'Neil*, Del.Ch., 532 A.2d 993 (1987) *rev'd on other grounds* 550 A.2d 1105 (1988). Therefore, this matter is remanded to the Court of Chancery for the purpose of deciding the individual defendants' Rule 12(b)(2) motion to dismiss. Jurisdiction is retained. Supr.Ct.R. 19(c).