# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SCHLOSSER & DENNIS, LLC,    )
   )
         Appellant,    )
       v.    )    C.A. No. N15A-09-007 RRC
   )
CITY OF NEWARK BOARD OF    )
ADJUSTMENT,    )
   )
         Appellee.    )

Submitted: April 18, 2016
Decided: May 9, 2016

On Appellee City of Newark Board of Adjustment's Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction.
**GRANTED**.

On Appellant Schlosser & Dennis, LLC's Motion to Consolidate.
**DENIED AS MOOT**.

# MEMORANDUM OPINION

Shawn P. Tucker, Esquire, Drinker Biddle & Reath, LLP, Wilmington, Delaware, Attorney for Appellant, Schlosser & Dennis, LLC.

John W. Paradee, Esquire, Baird Mandalas Brockstedt, LLC, Dover, Delaware, Attorney for Appellee, City of Newark Board of Adjustment.

COOCH, R. J.

## I.     INTRODUCTION

On September 25, 2015, Appellant Schlosser & Dennis, LLC filed an appeal with this Court challenging a decision dated August 31, 2015, of the City of Newark Board of Adjustment interpreting the Newark City Code. In its appeal,

Schlosser named only the Board of Adjustment and not the other parties involved in the proceeding below, including the adjacent affected property owner, Traders Alley, LLC. On October 13, 2015, the Board of Adjustment filed a "Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction." A related appeal of the August 31 decision of the Board of Adjustment was filed on September 30 by Traders Alley, LLC, also one of the parties in the proceeding below. Schlosser then filed motions on December 18 to: (1) consolidate the two appeals; and (2) intervene in the Traders Alley appeal.

The dispositive issue before the Court is whether an affected property owner is an indispensible party whose absence from an appeal from a zoning decision of the Board of Adjustment requires that appeal's dismissal. In this connection, the Court must initially decide which motion to consider first: the Board of Adjustment's Motion to Dismiss or Schlosser's Motion to Consolidate.

Upon consideration of the arguments asserted in the submissions filed by all parties in both appeals, the Court has concluded that the Motion to Dismiss should be considered first (all parties and the Court have agreed that the Motion to Intervene is not now ripe for decision). For the reasons that follow, the Board of Adjustment's Motion to Dismiss is **GRANTED** and Schlosser's Motion to Consolidate is **DENIED AS MOOT**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

1. In March of 2011, Traders Alley, LLC ("Traders Alley")[2] submitted a subdivision plan application (the "Plan") to the City of Newark Department of Planning and Development (the "City"), proposing to place a parking garage and twelve (12) new apartments on its property located at 155, 157, and 159 East Main Street[,] Newark, Delaware, known as Tax Parcel No.: 18-020.00-187 (the "Traders Alley Property"), which consists of a two[-]story building, containing various uses, along with residential

---

[1] The facts and procedural background in connection with developments pertaining to the two appeals taken to the Superior Court are taken verbatim from the Stipulation of Facts and Procedural History that was jointly submitted by the parties at the request of the Court. Stipulation of Facts and Procedural History at 1–5 (April 11, 2015) (citations to exhibits omitted) D.I. # 37.

[2] The parties are not always consistent in their use of "Traders Alley" and "Trader's Alley." Therefore, the Court will refer to it as "Traders Alley" because that is how that entity was designated in its separately-filed petition for *certiorari* with this Court.

apartments and parking.  The project is and has been opposed by Schlosser & Dennis, LLC ("Schlosser").

2.  Schlosser is the fee simple owner of the property located at 165–175 East Main Street, Newark, Delaware, known as Tax Parcel No.: 18-020.00-185, which consists of a two[-]story building, containing a variety of business and commercial tenants, as well as parking in the rear of the property (the "Schlosser Property").  The Schlosser Property is immediately adjacent to the Traders Alley Property.

3.  The Schlosser Property and the Traders Alley Property have adjoining parking lots and on July 7, 2007, Traders Alley and Schlosser's predecessor in interest entered into a cross access and parking easement (the "Cross Access Easement").  The Cross Access Easement is recorded in the Office of the Recorder of Deeds in and for New Castle County as Instrument No.: 20070711-0061810.

4.  The Cross Access Easement permits the owner of the Traders Alley Property access from Main Street onto its rear parking lot, located on the Traders Alley Property, through the Schlosser Property by crossing over a portion of the Schlosser Property.  The Cross Access Easement also permits the owner of the Schlosser Property to use the parking area located on the Traders Alley Property.

5.  On June 8, 2015, following submission of several iterations of the Plan, and after considering Schlosser's objections to the Plan, the City issued an interpretation of its Code regarding the applicable parking and setback requirements.

6.  On July 7, 2015, Schlosser appealed the City's [C]ode interpretation to the Board of Adjustment ([the] "Board") on the questions of setback and parking requirements.  Traders Alley filed its appeal the next day.  The Board held a teleconference on July 31, 2015[,] with all parties, and it issued an August 3, 2015 Order consolidating the appeals and scheduling the hearing for August 19, 2015.

7.  On August 4, 2015, Traders Alley filed a Complaint in the Court of Chancery[] seeking, *inter alia*, a temporary restraining order ("TRO") to enjoin the Board from proceeding with the August 19, 2015 hearing.  The Court of Chancery denied Traders Alley's request for a TRO in an August 7, 2015 Letter Opinion.

8.  Two days before the August 19 Board Hearing, Traders Alley moved a second time for an emergency TRO, seeking the Board Chair's recusal.  The Court of Chancery again denied Trader Alley's request for a

3

TRO. All parties to the Board hearing were made aware of the Court of Chancery's ruling.

9. The hearing before the Board on the parking and setback requirements went forward on August 19, 2015. At the beginning of the hearing, the Acting Board Chair entered an order consolidating the appeals and establishing a path forward for the hearing. Thereafter, the Board heard presentations from the City, Schlosser, and Traders Alley. The Board voted at the conclusion of the hearing on the issues presented.

10. The Board issued its written decision on August 31, 2015, finding that the City's interpretation as the setback requirements stood and that the City was correct as to the number of parking spaces required.

11. Thereafter, Traders Alley and Schlosser filed separate statutory *certiorari* appeals in the Superior Court regarding the Board's August 31, 2015 Order. Schlosser appealed on September 25, 2015, followed by Traders Alley [on September 30, 2015 (*See* C.A. No. 15A-09-007; C.A. No. 15A-09-009)]. While Traders Alley named the Board and the City as Defendants in [its] petition, Schlosser named only the Board.

12. On October 13, 2015, the Board moved to dismiss Schlosser's Superior Court *certiorari* appeal for lack of subject matter jurisdiction. The Board argued that Schlosser failed to name indispensible parties (the property owner, Traders Alley, and the decision maker, the City) which deprived the Superior Court of jurisdiction.[3]

13. On November 18, 2015, the Board, the City, and Traders Alley entered a stipulation to stay Traders Alley's Superior Court *certiorari* appeal while Traders Alley sought approval of a revised eight (8) apartment plan. The eight (8) apartment plan application was submitted in accordance with a settlement agreement between the City and Traders Alley. This Court approved that stipulation on December 1, 2015, thus staying the appeal for twelve [(12)] months.

14. On November 17, 2015, Schlosser wrote the Superior Court to "bring to the Court's attention a seemingly inadvert error in docketing" and seeking to administratively consolidate its and Traders Alley's *certiorari* petitions. Schlosser claimed in the letter that, because the two appeals had previously been consolidated before the Board, the

---

[3] Schlosser notes that although the Board's Motion to Dismiss asserts that Schlosser failed to join Traders Alley (the property owner and indispensible party) in its appeal that for reasons not apparent in the record the Board did not file a similar motion to dismiss the Traders Alley appeal, which appeal does not include Schlosser, also an affected property owner. Schlosser & Dennis, LLC Letter Mem. at 4 (Dec. 18, 2015).

Prothonotary should have automatically consolidated the two appeals into a single proceeding before the Superior Court.

15. In a December 1, 2015 letter to counsel, the Superior Court found that the Prothonotary had correctly docketed the two appeals. At a subsequent teleconference, Schlosser advised this Court that it desired to consolidate its appeal with Traders Alley's appeal, desired to intervene in the Traders Alley appeal, and requested that its motions be heard and decided before hearing the Board's [M]otion to [D]ismiss its appeal. This Court set a schedule for Schlosser to file its motions and further requested the parties to submit letter briefing on whether consolidation/intervention briefing or the Board's [M]otion to [D]ismiss should be heard and decided first.

16. On December 18, 2015, Schlosser moved to intervene in Traders Alley's appeal, filed a simultaneous [M]otion to [C]onsolidate the two appeals, and filed a letter memorandum in support of its claim that the Board's first[-]filed [M]otion to [D]ismiss should await consideration. The Board, the City, and Traders Alley all submitted opposing letter memoranda, contending that the jurisdiction question must be decided first.

17. Presently pending are the Board's Motion to Dismiss and the Letter briefing on which pending motions should be decided first.

# III.    **PARTIES' CONTENTIONS**

## i.    *The Motion to Dismiss.*

## a.    *The Board's Contentions.*

The Board filed a Motion to Dismiss asserting that Schlosser's appeal must be dismissed for lack of subject matter jurisdiction. The Board claims that this Court does not have jurisdiction because Schlosser failed to join two "indispensable parties": (1) Traders Alley, who is the legal owner of the property that was the subject of the Board of Adjustment hearing; and (2) the City, which had rendered the underlying interpretation of the City of Newark Zoning Code that was appealed to the Board. The Board further contends that the appeal should be

5

dismissed because Schlosser failed to perfect the appeal[4] within 30 days of when the decision was filed in the office of the Board.[5]

### b.   *Schlosser's Contentions.*

Schlosser filed a letter memorandum in response to the Board's Motion to Dismiss and acknowledged that "'[g]enerally, if a party fails to perfect an appeal within the statutorily[-]mandated period, a jurisdictional defect results, thereby preventing the appellate court from exercising jurisdiction.'"[6] However, Schlosser contends that this Court does have jurisdiction over the appeal because it filed the petition for writ of *certiorari* within 30 days, as is required under 9 *Del. C.* § 1314(a).

Schlosser further asserts that the "Delaware Supreme Court has [] made clear that [an] appellate court should '[n]ot dismiss [an] appeal for a defect that does not result in **substantial prejudice** to a party.'"[7] Schlosser argues that "[o]nce jurisdiction has been established," the court must determine whether substantial prejudice will occur to the absent party. Schlosser claims that there is little showing of substantial prejudice to any of the unnamed parties and any potential prejudice can be easily cured through consolidation.

Finally, Schlosser contends that "[o]nce jurisdiction has been established, . . . the inquiry turns to determining whether 'in equity [and] good conscience the action should proceed among the parties before it' or whether substantial prejudice will occur to the "absent party."[8] Schlosser argues that the relevant facts this Court should consider are: (1) the extent to which a judgment that is rendered in that person's absence might be prejudicial to that person or to the parties whom are already involved; (2) the extent to which the prejudice can be lessened or avoided

---

[4] "Perfection is achieved by filing a notice of appeal with the [C]ourt in the statutorily proscribed manner." *Covey v. Bd. of Adjustment of Sussex Cnty.*, 2002 WL 970469, at* 1 (Del. Super. May 7, 2002) (citing *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999)).

[5] For reasons explained *infra*, the Court need not reach the issue of whether the City needed to be joined as a party to the appeal.

[6] Schlosser & Dennis, LLC  Letter Mem. at 4 (Dec. 18, 2015) (quoting *Preston v. Bd. of Adjustment of New Castle Cty.*, 772 A.2d 787, 791 (Del. 2001)).

[7] *Id.* at 4–5.

[8] Schlosser & Dennis, LLC  Letter Mem. at 5 (Dec. 18, 2015) (quoting Super. Ct. Civ. R. 19(b)) (citing *Genesis Healthcare v. Delaware Health Res. Bd.*, 2015 WL 8486195, at* 1–2 (Del. Dec. 8, 2015).

by using protection measures, a tailored relief, or other measures; (3) whether the judgment entered in that person's absence will be adequate; and (4) whether the plaintiff is left with any remedy if the action is dismissed. Schlosser asserts that all four factors weigh against dismissal, especially since, as Schlosser points out, all of the interested parties are before the Court on appeal.

### ii. The Motion to Consolidate.

### a. Schlosser's Contentions.

Schlosser argues that "the Court's decision regarding consolidation[] properly moots the Motion to Dismiss as a practical matter, and, thus, should logically be considered by this Court before the Board's pending Motion to Dismiss."[9]

### b. The Board's Contentions.

The Board argues that jurisdiction is a threshold question that "must be decided at the outset because a Court cannot act if it lacks jurisdiction."[10] Furthermore, the Board asserts that this Court cannot acquire jurisdiction by consolidating the two appeals, because jurisdiction must be established independently in each case before consolidation can be considered.

## IV.  STANDARD OF REVIEW

The "failure to perfect an appeal within the applicable time period prevents an appellate court from exercising jurisdiction."[11] The notice of appeal cannot be amended to add a party after the appeal period has lapsed because the time period for perfecting an appeal is jurisdictional.[12] Unless the appeal defect can be

---

[9] Schlosser & Dennis, LLC  Letter Mem. at 7 (Dec. 18, 2015).

[10] City of Newark Board of Adjustment Letter Mem. at 2 (Dec. 30, 2015) (citations omitted).

[11] *Covey*, 2002 WL 970469, at* 1 (Del. Super. May 7, 2002) (citing *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999)).

[12] *Hackett v. Bd. of Adjustment of City of Rehoboth Beach*, 794 A.2d 596, 598–99 (Del. 2002) (per curiam) ("[T]he failure to name an indispensible party to an appeal from an administrative agency to the Superior Court is not an amendable defect."); *Covey*, 2002 WL 970469, at* 2 (Del. Super. May 7, 2002) ("It is well settled that all parties to an appeal who would be directly affected by an appellate ruling should be made parties to the review proceeding . . . . The rule is 'a fundamental question of jurisdiction, which cannot be waived by the parties or disregarded by

attributed to the fault of Court-related personnel, "not even excusable neglect on the part of a litigant will permit the appellate court to exercise jurisdiction."[13] Jurisdiction is a mandatory threshold issue that must be decided prior to the consideration of other issues in the action.[14] Jurisdiction ordinarily cannot be established through consolidation.[15]

Motions to consolidate are governed by Superior Court Civil Rule 42(a). Rule 42(a) states that actions that involve common questions of law or fact that are pending before this Court may have part of all of the actions consolidated to avoid inconsistent outcomes and avoid unnecessary costs or dely.[16] Since the ability to consolidate cases or issues together is essentially a case-management tool, courts are afforded a broad amount of discretion in the determination of whether or not to consolidate.[17]

# V.   **DISCUSSION**

This Court must first determine which of the two motions should be decided first. Delaware law dictates that jurisdiction is a threshold matter that must be determined prior to the consideration of any other issue.[18] When a court lacks jurisdiction over a matter, it lacks the power to act and any decision is null. And a court can neither acquire subject matter jurisdiction through consolidation of cases nor consolidate cases as to which it lacks subject matter jurisdiction.[19]

---

the appellate court, and the latter has no power to hear and determine a case unless all the parties directly affected by the judgment ... are brought before it.'"); *Sussex Med. Inv'rs, LP v. Delaware Health Res. Bd.*, 1997 WL 524065, at* 8 (Del. Super. July 22, 2008) (cited with approval in *Hackett*, 794 A.3d at 598).

[13] *McDonald's Corp. v. Zoning Bd. of Adjustment of the City of Wilmington*, 2002 WL 88944, at* 2 (Del. Super. Jan. 10, 2002).

[14] *Cf. Branson v. Excide Elecs. Corp.*, 625 A.2d 267, 268–69 (Del. 1993) (holding that the lower court was incorrect for failing to decide a motion to dismiss for lack of personal jurisdiction before it considered other issues).

[15] *Brown v. Bayer Corp.*, 2010 WL 148629, at* 3 (S.D. Ill. Jan. 13, 2010) (citing *Cella v. Togum Constructuer Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 9112 (3d Cir. 1999) ("A federal court can neither acquire subject matter jurisdiction through consolidation of cases nor consolidate cases as to which it lacks such jurisdiction.").

[16] Super. Ct. Civ. R. 42(a).

[17] *Olson v. Motiva Enters., L.L.C.*, 2003 WL 21733137, at* 4 (Del. Super. July 22, 2003).

[18] *Thompson v. Lynch*, 990 A.2d 432, 434 (Del. 2010) ("If a court lacks subject matter jurisdiction, its decision is a nullity.") (citing *B.E.M. v. D.A.M.* 455 A.2d 866, 871 (Del. 1983); *Bruno v. W. Pac. R.R. Co.*, 1986 WL 16474, at* 1 (Del. Jan. 11, 1983)).

[19] *See Bayer Corp.*, 2010 WL 148629, at* 3 (S.D. Ill. Jan. 22, 2003).

The Seventh Circuit Court of Appeals in *U.S. for Use of Owens–Corning Fiberglass Corporation v. Brandt Construction Company* held that the district court was unable to consolidate one case that was properly before it with another case in which it lacked subject matter jurisdiction.[20] One of the actions was properly before the court on a federal question.[21] However, the other case that shared many of the same parties and arose from the same transaction and occurrence lacked both diversity of citizenship and a federal question.[22] The *Brandt* court stated, "We [] assume *arguendo* that this case and *Owens-Corning* involve a "common question of law or fact" within the meaning of the rule. But Rule 42(a) requires that *both* actions be 'pending before the court' and an improperly removed action does not meet this criterion."[23]

The issue of jurisdiction is only raised in one of the motions: the Motion to Dismiss. The issue of consolidation can only be decided once this Court has determined that the appeal is properly before it. Like its federal counterpart, Superior Court Civil Rule 42(a) requires that both actions be "pending before the Court."[24] If this Court lacks jurisdiction in an action pending before it, that action is not properly pending before the Court. Therefore, the merits of the Motion to Dismiss will be determined first.

## i.    *The Motion to Dismiss.*

The Board asserts that this Court lacks subject matter jurisdiction because Schlosser failed to join two indispensable parties: (1) Traders Alley, the owner of the property; and (2) the City, which rendered the underlying zoning decision which was appealed to the Board. Therefore, the Board contends that the appeal has not been perfected in this Court and that failure to name the indispensible parties requires dismissal.

Schlosser contends that this Court has jurisdiction over the matter because it filed a timely notice of appeal. Schlosser also argues that dismissal of an appeal as a result of a defect is improper if the defect does not result in "substantial prejudice" to a party.

---

[20] *U.S. for Use of Owens–Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.3d 643, 647 (7th Cir. 1987).
[21] *Id.*
[22] *Id.* at 645.
[23] *Id.*
[24] Super. Ct. Civ. R. 42(a).

9

A similar argument to the one put forth by Schlosser was made in *CCS Investors, LLC v. Brown*.[25] In *CCS Investors*, the plaintiffs, who were all residents of surrounding neighborhoods, appealed a decision of the City of Wilmington Board of Adjustment that had allowed a variance to CCS Investors to develop the Gibraltar Mansion into office space.[26] Brown filed a petition for writ of *certiorari* with this Court to review the Board's decision to grant the variance.[27] However, the plaintiffs' petition only named the Board as the Appellee; it did not name CCS nor did it name Preservation Delaware, Inc. ("PDI"), the owner of the property.[28]

The Board moved to dismiss the appeal because the plaintiffs failed to join CCS and PDI, who it claimed were indispensible parties. The Delaware Supreme Court reversed this Court's denial of the motion to dismiss because, the Supreme Court found, PDI was an affected landowner and therefore an indispensible party. Relying on its previous opinion[29] the Supreme Court stated:

> We affirmed the Superior Court's dismissal of the appeal because the *certiorari* petitioners failed to name the landowner–an indispensable party to an appeal from a decision of the board of adjustment.[98] In *Hackett*, we held that "[a] property owner whose interests are impacted by a ruling of a board of adjustment is an affected party." We also held that a petitioner for a *certiorari* appeal must comply with certain pleading requirements, such as "notice to a party affected by the administrative ruling, either directly or through a designated agent." Accordingly, the landowner is an indispensable party to an appeal from a decision of the board of adjustment that affects the landowner's property.[30]

---

[25] 977 A.2d 301 (Del. 2009).

[26] *Id.* at 302.

[27] *Id.*

[28] *Id.*

[29] *Hackett v. Bd. of Adjustment of City of Rehoboth Beach*, 794 A.2d 596, 598–99 (Del. 2002) (per curiam).

[30] *CCS Inv'rs, LLC*, 977 A.2d at 323. *See also Hackett*, 794 A.2d at 598–99 ("[T]he failure to name an indispensable party to an appeal from an administrative agency to the Superior Court is not an amendable defect."); *Sussex Med. Inv'rs, L.P. v. Delaware Health Res. Bd.*, 1997 WL 524065, at* 1 (Del. Super. Apr. 8, 1997) (granting Delaware Health Resources Board's motion to dismiss because Sussex Medical Investors, L.P. failed to name the Certificate of Need applicants in the appeal). The Court also notes that the Supreme Court in *CCS Investors, LLC* asked this Court to amend Rule 72 and the counterpart form to provide counsel with more guidance with which parties must be named in the appeal. [30] *CCS Inv'rs, LLC*, 977 A.2d at 325 ("The Superior Court should amend Rule 72 and the counterpart official form to confirm with our opinion in this case.").

Delaware law is clear that a landowner is an indispensible party that must be joined in an appeal of an administrative decision to this Court. Traders Alley was the property owner at the time of the Board's decision and at the time that the petition for *certiorari* was filed. Therefore, Traders Alley is an indispensible party to the action and should have been included. Since Schlosser failed to include Traders Alley in the petition, or to have later amended the petition to include Traders Alley within the statutorily-permitted period, the Board's Motion to Dismiss must be granted for lack of subject matter jurisdiction.[31]

The Board further argues that dismissal is proper because the "appeal was not perfected within thirty (30) days."[32] In *Difebo v. Board. of Adjustment of New Castle County*,[33] the Delaware Supreme Court observed that the time for relation back under Rule 15(c) to add an indispensible party is "'within the period provided by statute or the[] Rules for service of the summons and complaint.'"[34] The Supreme Court further observed that "§ 1314 does not set forth a period of time for serving a respondent."[35] Therefore, the Supreme Court stated that Rule 15(c)(3) directs this Court to apply Rule 4(j), which allows 120 days to file the initial petition. Therefore, the time to perfect an appeal with this Court under § 1314 is 120 days from the date of the filing of the board's decision. However, since Schlosser does not argue for relation back, and more than 120 days passed since the filing of the Board's decision, the Court declines to reach a decision on the applicability the relation back of amendments as set forth by the Supreme Court in *Difebo*.

Finally, Schlosser's reliance on the Supreme Court's recent decision in *Genesis Healthcare* and the assertion that a court should not dismiss an appeal for a defect that does not result in substantial prejudice to a party is misplaced. The Delaware Supreme Court's rulings in *Hackett* and *CCS Investors* indicate clearly that when a party fails to name an affected landowner, that failure deprives this Court of jurisdiction which cannot be overcome through a balancing test. Furthermore, after examining *Genesis Healthcare*, which is distinguishable from the facts of this case and the facts in *Hackett* and *CCS Investors*, the Supreme Court held that that Genesis's failure to join an indispensible party deprived it and

---

[31] In light of the Court's disposition of the Motion to Dismiss, the Court need not reach the issue of whether the City is also an indispensible party that must also have been included in the appeal.
[32] Mot. to Dismiss at 2 (Oct. 13, 2015).
[33] ___ A.3d ___, 2016 WL 297490, at* 1–2 (Del. Jan. 25, 2016).
[34] *Id.* (quoting Super. Ct. Civ. R. 15(c)).
[35] *Id.* at 2.

this Court of jurisdiction and the appeal had to be dismissed.  Therefore, Schlosser's failure to join Traders Alley warrants dismissal for lack of jurisdiction.

## VI.    CONCLUSION

The Court finds that Schlosser failed to join an indispensible party to its appeal of a decision of the Board.  Therefore, the Board's Motion to Dismiss is **GRANTED** and Schlosser's Motion to Consolidate is **DENIED AS MOOT**.[36]

_____
Richard R. Cooch, R.J.

cc:    Prothonotary (also C.A. No. N15A-09-009)
        Max B. Walton, Esquire (counsel for the City of Newark)
        Richard L. Abbott, Esquire (counsel for Traders Alley)

---

[36] This decision does not affect Schlosser's pending motion for leave to intervene in the stayed Traders Alley appeal.  By agreement of the parties and the Court, no responsive filings to this motion were ordered, pending the decision of this Court on the Motion to Dismiss and the Motion to Consolidate.  The Court asks Schlosser to submit a status report stating its intentions regarding its pending Motion to Intervene on or before June 13, 2016.