# Illinois Official Reports

## Appellate Court

---

### *People v. Smith*, 2017 IL App (3d) 150265

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL A. SMITH, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0265 |
| Filed | September 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 06-CF-1057; the Hon. Amy M. Bertani-Tomczak, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Michael J. Pelletier and Ryan R. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Lawrence M. Bauer, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Schmidt and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Paul A. Smith, appeals the dismissal of his *pro se* petition for postjudgment relief. We affirm as modified.

¶ 2    FACTS

¶ 3    Following two separate bench trials, defendant was found guilty of aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2006)) and being an armed habitual criminal (720 ILCS 5/24-1.7 (West 2006)). The court sentenced defendant to 40 years' imprisonment for aggravated battery with a firearm to run consecutively with a 20-year term for being an armed habitual criminal.

¶ 4    Defendant appealed, arguing that the circuit court erred in limiting defendant's cross-examination of a State witness. We affirmed defendant's convictions and sentences. *People v. Smith*, No. 3-08-0408 (2010) (unpublished order under Supreme Court Rule 23).

¶ 5    Subsequently, defendant filed a petition for postconviction relief. The petition advanced to the second stage. Appointed counsel amended defendant's petition and alleged, in relevant part, that the State knowingly used perjured testimony, which falsely claimed that defendant pushed his mother during his confrontation with the victim. The circuit court granted the State's motion to dismiss defendant's postconviction petition. Defendant appealed, arguing that postconviction counsel provided unreasonable assistance. We affirmed the dismissal of defendant's petition. *People v. Smith*, 2016 IL App (3d) 140387-U.

¶ 6    Next, on February 13, 2015, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). The notice accompanying the petition stated that defendant sent the petition through regular mail. The petition alleged that defendant's conviction was void because he was indicted based on the false testimony that he pushed his mother during his physical altercation with the victim.

¶ 7    On February 18, 2015, the circuit court continued the case. Defendant was not present in the courtroom, and the record reveals no active participation by the State, although the transcript from the proceeding does list the State as appearing. The circuit court provided the State with a copy of defendant's petition.

¶ 8    One day later, the State filed a special limited appearance and objection to the circuit court's jurisdiction, arguing that defendant had not properly served his *pro se* petition, as defendant served the petition through regular mail. On the same day, the State filed a combined motion to dismiss defendant's petition. The motion argued that defendant's petition should be dismissed on four grounds: (1) the court lacked personal jurisdiction over it because the State had not been properly served, (2) defendant's petition failed to state a cause of action, (3) the issues raised in defendant's petition were barred by *res judicata*, and (4) the petition was untimely.

¶ 9    Eight days after the State filed its motions, the circuit court held a hearing at which only the State was present. The court dismissed the petition "for lack of jurisdiction for the defendant's failure to properly serve the State pursuant to Supreme Court Rules. Further, on the merits the Court finds the issue is *res judicata* since the issue was raised and decided during postconviction proceedings."

¶ 10    After the court dismissed the petition, defendant filed a *pro se* response to the State's motion to dismiss. In his *pro se* motion, defendant acknowledged that he failed to properly serve the State with his petition. However, defendant stated that his failure to properly serve the State was due to the fact that he lacked sufficient funds in his inmate trust account and therefore could not afford to send the petition via certified mail. Defendant also addressed the State's arguments that defendant's claim was barred by *res judicata* and untimely.

¶ 11    The circuit court held a hearing on defendant's *pro se* response to the State's motion to dismiss. The State appeared, but defendant was not present. At the hearing, the State informed the court that defendant had filed a response to the State's motion, but noted that the court had already granted the State's motion to dismiss. The docket entry corresponding to the hearing shows that the court acknowledged defendant's response, but that defendant's petition had already been dismissed. The court took no further action.

¶ 12    Subsequently, defendant filed a *pro se* motion to reconsider the circuit court's decision granting the State's motion to dismiss. Defendant's motion again alleged that he attempted to properly serve the State, but he lacked sufficient funds to send the petition by certified mail. Defendant requested the court to excuse his failure to comply with the service requirements. In addition, defendant argued that the circuit court erred when it went beyond the issue of improper service and ultimately found his claim barred by *res judicata*.

¶ 13    The court held a hearing on defendant's motion to reconsider, at which time only the State appeared. The court denied defendant's motion to reconsider.

¶ 14                                    ANALYSIS

¶ 15    Initially, we note that both parties agree that defendant failed to properly serve the State with his section 2-1401 petition. Service of a section 2-1401 petition is governed by the requirements of Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989). See Ill. S. Ct. R. 106 (eff. Aug. 1, 1985). Rule 105 provides that service may be effected by summons, certified or registered mail, or by publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). Here, defendant served the petition on the State through regular mail. Service was, therefore, insufficient, and the court lacked personal jurisdiction over the State. See *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18 (personal jurisdiction may be established either by sufficient service or by a party's submission to jurisdiction).

¶ 16    Despite his failure to properly serve the State, defendant contends that dismissal was premature. Specifically, defendant contends that because he failed to properly serve the State, the 30-day period within which the State could respond to the petition never commenced. We find our supreme court's recent decision in *People v. Matthews*, 2016 IL 118114, instructive.

¶ 17    In *Matthews*, defendant mailed a section 2-1401 petition by regular mail. *Id.* ¶ 4. The State did not appear or respond to the petition. *Id.* Subsequently, the circuit court *sua sponte* dismissed the petition on the basis that the petition was untimely, contained no argument of merit, and lacked any supporting documentation. *Id.* The court did not consider the jurisdictional issue in dismissing defendant's petition. On appeal, defendant argued that he failed to properly serve the State with his section 2-1401 petition, and he argued that the dismissal order was premature based on his own failure to comply with the applicable service requirements. *Id.* ¶ 7. The court in *Matthews* rejected defendant's contention that the 30-day period never commenced because he never properly served his petition on the State. *Id.* ¶ 8. Specifically, the court held that defendant lacked standing to raise an objection to personal

jurisdiction on the State's behalf. *Id.* ¶ 20. In so holding, the court found that a "defendant cannot challenge the trial court order based on his own failure to properly serve the State." *Id.* ¶ 15. The court proceeded to affirm the dismissal of the petition on the merits. *Id.* ¶¶ 21-23.

¶ 18    Like the defendant in *Matthews*, defendant seeks to use his own failure to comply with the supreme court rules as grounds to challenge the court's dismissal order. Because defendant cannot use his failure to comply with the supreme court rules to raise an objection on the State's behalf, he lacks standing to argue that dismissal was premature. However, unlike the defendant in *Matthews*, in the present case the State first raised the issue of personal jurisdiction. In other words, defendant is not raising an objection on behalf of the State. Instead, he challenges the circuit court's response to the issues raised in the State's combined motion to dismiss. Thus, while defendant lacks standing to raise an objection to personal jurisdiction on the State's behalf, he can challenge the circuit court's determination on the issues raised in the State's combined motion to dismiss.

¶ 19    When considering a combined motion objecting to personal jurisdiction and a motion to dismiss on other grounds, the circuit court must address the jurisdictional issue first. *Ryburn v. People*, 349 Ill. App. 3d 990, 994 (2004). In the instant case, the circuit court dismissed defendant's petition for failing to properly serve the State. However, the court went beyond the jurisdictional question and also reached the merits of defendant's petition. Once the circuit court determines there is no personal jurisdiction over the State, the court has no power to dismiss the petition on the merits. *Id.* at 993. A dismissal on jurisdictional grounds is not *res judicata* on the merits of the petition. *Id.* at 994. Accordingly, we modify the court's order to reflect that defendant's petition was dismissed, without prejudice, on the grounds that defendant's failure to serve the State by certified mail deprived the court of personal jurisdiction. We vacate the finding on the merits.

¶ 20    In reaching this conclusion, we reject defendant's contention that the circuit court's dismissal order should be reversed in its entirety and the cause remanded so that he can properly serve the State. We believe the relief we have granted is tantamount to what defendant has sought but we disagree with his rationale. Specifically, defendant contends that because the State filed its special and limited appearance, the circuit court was obligated to provide him with the opportunity to respond to the State's arguments. There is no dispute that defendant failed to comply with the service requirements of Rule 105. Therefore, the court could have acted *sua sponte* to dismiss the petition because service was improper and it lacked personal jurisdiction. Defendant fails to explain how the State's decision to file a limited appearance contesting jurisdiction legally precludes a court from acting *sua sponte*. In either case, the court can properly determine that it lacks jurisdiction, and the petition must be dismissed. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308-09 (1986) (personal jurisdiction can be acquired only by service of process in the manner directed by statute). Significantly, defendant here suffers no prejudice from our decision to modify the dismissal order to reflect that the dismissal was only on jurisdictional grounds. As noted above (*supra* ¶ 19), dismissal on jurisdictional grounds is not *res judicata* on the merits of the petition. Therefore, defendant may refile his petition, comply with the service requirements, and have his petition heard.

¶ 21    Defendant has also raised an alternative argument that relies on Illinois Supreme Court Rule 104 (eff. Jan. 4, 2013) to assert that his failure to comply with service may be excused by the court upon his application. Rule 104(c) provides: "For good cause shown on *ex parte* application, the court or any judge thereof may excuse the delivery or service of any complaint,

pleading, or written motion or part thereof on any party, but the attorney filing it shall furnish a copy promptly and without charge to any party requesting it." Ill. S. Ct. R. 104(c) (eff. Jan. 4, 2013). Therefore, defendant argues that the court should not have acted on the State's motion, without first allowing defendant to respond to the State's argument and seek the court's permission to excuse his improper service. Because Rule 105 governs service of section 2-1401 petitions, we find defendant's reliance on Rule 104 misplaced. See Ill. S. Ct. R. 106 (eff. Aug. 1, 1985) (notice of filing of a petition under section 2-1401 shall be governed by the same methods provided in Rule 105 for the giving of notice of additional relief to parties in default). Rule 105 does not contain the above quoted exception for failing to comply with the service requirements of a section 2-1401 petition. Therefore, the circuit court would have no basis to excuse defendant's improper service.

¶ 22     We would be remiss if we did not acknowledge the difficulty an individual faces when attempting to file a pleading while incarcerated. Like defendant in the instant case, many incarcerated individuals lack the financial resources necessary to serve the State via certified mail. The fact remains, however, that the supreme court has not provided an impoverishment exception to the service requirements contained within Rule 105. Moreover, while on its face, we find it troubling that the State was allowed to present its limited appearance and motion to dismiss without input from defendant, we note that our supreme court, faced with a factual variant of that same question in *People v. Vincent*, 226 Ill. 2d 1, 13 (2007), found that "adequate procedural safeguards exist to prevent erroneous *sua sponte* terminations."

¶ 23     In *Vincent*, the circuit court *sua sponte* dismissed defendant's section 2-1401 petition, even though the State neither appeared nor filed a response. *Id.* at 5. The dismissal was on the merits and not on jurisdictional grounds. *Id.* Defendant argued that even if the circuit court could act without a response from the State, the court was required to provide him notice and an opportunity to respond to the court's action. *Id.* at 10. The supreme court rejected defendant's contention on the basis that a defendant's ability to file a motion to reconsider and to appeal the dismissal order provided sufficient safeguards to prevent an erroneous *sua sponte* dismissal of a section 2-1401 petition. *Id.* at 12-13. In coming to this conclusion, the supreme court noted that the practice of *sua sponte* dismissing meritless complaints "comports with due process and does not infringe the right of access to the courts." *Id.* at 13.

¶ 24     Though *Vincent* involved a court *sua sponte* dismissing a section 2-1401 petition, its reasoning arguably applies equally to the instant case (where dismissal occurs upon the State's motion). Of the available remedies, a defendant whose petition has been disposed of by the court could file a motion to reconsider (which defendant did in this case). See 735 ILCS 5/2-1203 (West 2014). In addition, a defendant whose cause of action has been terminated for improper service could appeal and argue that service was in fact proper (which defendant does not argue). See *People v. Flowers*, 208 Ill. 2d 291, 307 (2003). Thus, the availability of corrective remedies, such as a motion to reconsider, render defendant's absence from the hearing and his inability to timely respond to the State's motion "less of a concern." *Vincent*, 226 Ill. 2d at 13. This defendant utilized one such remedy in the circuit court by filing his motion to reconsider. The court considered the motion and denied it. He also filed the instant appeal. Further, the mere fact that the State was present at these hearings and presented its motion to dismiss in defendant's absence cannot be characterized as improper *ex parte* communications or waiver of its jurisdictional challenge. Until the law evolves to take into account the policy considerations presented in the instant case, we are bound to apply the

holdings and rules of our supreme court (*Matthews*, 2016 IL 118114, ¶ 23; *Vincent*, 226 Ill. 2d at 13; Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). *Blumenthal v. Brewer*, 2016 IL 118781, ¶¶ 28-29 (where our supreme court has declared the law on any point, it alone can overrule and modify its previous opinion, and the lower tribunals are bound by such decisions and it is the duty of such lower tribunals to follow such decisions in similar cases).

¶ 25                                CONCLUSION

¶ 26        The judgment of the circuit court of Will County dismissing defendant's section 2-1401 petition on jurisdictional grounds is affirmed as modified.

¶ 27        Affirmed as modified.