IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARY SUE DIFEBO, | § | |
| | § | No. 208, 2015 |
| Petitioner Below-Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| BOARD OF ADJUSTMENT OF NEW | § | C.A. No. N14A-11-006 |
| CASTLE COUNTY, RICHARD | § | |
| PAVERD, BRIDGET PAVERD, | § | |
| BRUCE OSBORNE, CYNTHIA | § | |
| OSBORNE, and RAMESH BATTA, | § | |
| | § | |
| Respondents Below-Appellees. | § | |

Submitted: January 13, 2016
Decided: January 25, 2016
Revised: January 28, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Lisa C. McLaughlin, Esquire, Stephen A. Spence, Esquire, Phillips, Goldman & Spence, P.A., Wilmington, Delaware, for Appellant.

Wilson B. Davis, Esquire, Darryl A. Parson, Esquire, New Castle County Law Department, New Castle, Delaware, for Appellee Board of Adjustment of New Castle County.

Richard L. Abbott, Esquire, Abbott Law Firm, LLC, Hockessin, Delaware, for Appellees Richard Paverd, Bridget Paverd, Bruce Osborne, Cynthia Osborne, and Ramesh Batta.

**STRINE**, Chief Justice:

# I.     INTRODUCTION

In this appeal, Mary Sue DiFebo, a petitioner for a writ of *certiorari*, argues that the Superior Court erred by dismissing her amended petition seeking review of a Board of Adjustment decision that granted a variance application for two land plots located near DiFebo's home to be subdivided into four flag lots.  The Superior Court had two related reasons for dismissing the amended petition.  First, that DiFebo had not named the owners of the two properties that were the subject of the Board's proceeding within the thirty-day statute of limitations for commencing a petition challenging a Board decision set forth in 9 *Del. C.* § 1314(a),[1] and for that reason alone she was foreclosed from proceeding.  Alternatively, the Superior Court found that DiFebo had not met the requirements for relation back under Superior Court Civil Rule 15(c)(3).[2]

# II.     ANALYSIS

We review the Superior Court's grant of a motion to dismiss *de novo*.[3]

---

[1] *DiFebo v. Bd. of Adjustment of New Castle Cty.*, 2015 WL 1888072, at *3 (Del. Super. Apr. 17, 2015); *see also* 9 *Del. C.* § 1314(a) ("Any person aggrieved by any decision of the Board of Adjustment, or any taxpayer or any officer, department, board or bureau of the County, may present to the Superior Court a petition duly verified alleging that such decision is illegal in whole or in part, and specifying the grounds of illegality.  The petition shall be presented within 30 days after the filing of the decision in the office of the Board.").

[2] *DiFebo*, 2015 WL 1888072, at *4.

[3] *King Constr., Inc. v. Plaza Four Realty, LLC*, 976 A.2d 145, 151 (Del. 2009) ("This Court reviews the Superior Court's grant of a motion to dismiss *de novo* to 'determine whether the trial judge erred as a matter of law in formulating or applying legal precepts.'") (internal citations omitted).

**A.** **The Superior Court Erred In Holding That DiFebo's Amended Petition Was Untimely Because It Was Filed After The Thirty-Day Statute Of Limitations For Commencing A Challenge To A Board Decision Under § 1314**

DiFebo claims that the Superior Court erred in two related respects. First, she contends that the Superior Court failed to take account of a 1993 amendment to Rule 15(c) that changed that rule from stating that an amendment adding a new party would relate back to the initial pleading if the requirements of the rule were met "within the period provided by law for commencing the action . . ."[4] to allowing relation back of the amendment if the rule's requirements were met "within the period provided by statute or these Rules for service of the summons and complaint."[5]

DiFebo contends that the Superior Court erred because it held that her amendment to add the indispensible property owners could not relate back to her

---

[4] Super. Ct. Civ. R. 15(c) (amended 1993).

[5] Super. Ct. Civ. R. 15(c) (current):

Relation back of amendments. -- An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

timely initial filing unless it was filed within the statute of limitations under the relevant statute which, she argued, applies the old version of Rule 15(c). We agree with DiFebo in this respect. We note that Rule 15(c)(3) does not specify when an amendment must be filed; it simply provides that an amendment will relate back only if all of the rule's requirements are satisfied "within the period provided by statute or these Rules for service of the summons and complaint."[6] Because § 1314 does not set forth a period of time for serving a respondent, Rule 15(c)(3) provides that the time for process of service under the Superior Court Civil Rules applies.[7] And under Rule 4(j), which provides the time period for "service of the summons and complaint"—or their equivalent by analogy—DiFebo had 120 days from the time she filed her initial petition to satisfy Rule 15(c)(3)'s requirements to have her amended petition relate back to her initial filing.[8]

---

[6] *Id.* 15(c)(3).

[7] *Id.*

[8] *See id.* 4(j):

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

*See also Taylor v. State Farm Ins., Co.*, 1994 WL 233886, at *2 (Del. Super. May 2, 1994) (citing Super. Ct. Civ. R. 4(j)) ("The most significant difference between the old Rule 15(c) and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is permitted as long as the added party had notice within 120 days following the filing of the complaint."); *Lemanski v. Jones*, 1994 WL 636971, at *1 (Del. Super. Apr. 5, 1994) ("Like its federal model, [Rule 15(c)] was amended effective December 1, 1993 to require notice to the party to be brought in by amendment within the period provided for service of process, instead of within the statutory limitation period.").

To the extent that the Superior Court was understandably confused by some of our prior cases, where no party had focused on the relevant rule change from 1993,[9] we regret that and understand the trial court's reluctance to apply the rule as currently written in the shadow of those decisions. But, we must give effect to that clear amendment to the Superior Court Civil Rules. Thus, to the extent that DiFebo was barred from proceeding solely because she did not file within the time frame provided by § 1314 for filing a petition, that decision ignored the provision of Rule 15(c)(3) allowing relation back of an amendment as long as the rule's requirements are satisfied "within the period provided by . . . these Rules for service of the summons and complaint."[10]

**B.    The Superior Court Correctly Applied Delaware Law In Deciding That DiFebo Had Failed To Show That There Was A Mistake As To The Property Owners' Identity**

Second, DiFebo argues that the Superior Court erred by concluding that even if her attempt at amendment was within the time frame allowed by Rule 15(c)(3), she had not met the conditions under which relation back could be granted. One of those conditions is that DiFebo must show that, within the period of time for service, the property owners "knew or should have known that, but for

---

[9] *See Hackett v. Bd. of Adjustment of Rehoboth Beach*, 794 A.2d 596 (Del. 2002); *Preston v. Bd. of Adjustment of New Castle Cty.*, 772 A.2d 787 (Del. 2001).

[10] Super. Ct. Civ. R. 15(c)(3).

4

a mistake concerning the identity of the proper party, the action would have been brought against [them]."[11]

We take judicial notice of the fact that there are interpretations of the analogous Federal Rule of Civil Procedure 15(c) under which any reason why a petitioner failed to timely name a respondent would constitute a mistake for purposes of relation back. To wit, in 2010, the U.S. Supreme Court decided the case of *Krupski v. Costa Crociere S. p. A.*[12] In that case, the Court stated:

> The reasonableness of the mistake is not itself at issue. . . . [A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that [Federal] Rule 15(c)(1)(C)(ii) has been satisfied.[13]

Accordingly, the *Krupski* Court held that "[r]elation back under [Federal] Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading."[14]

But our state has traditionally followed the "strict approach" to what a mistake under Rule 15(c) means.[15] For example, the year before *Krupski* was

---

[11] *Id.* 15(c)(3)(B).
[12] 560 U.S. 538 (2010).
[13] *Id.* at 549.
[14] *Id.* at 539.
[15] *See, e.g.*, *CCS Inv'rs, LLC v. Brown*, 977 A.2d 301, 313 (Del. 2009); *see also Brown v. City of Wilmington Zoning Bd. of Adjustment*, 2007 WL 1828261, at *11 (Del. Super. June 25, 2007)

5

decided, in *CCS Investors, LLC v. Brown*, this Court expressed that "a mistake occurs when the petitioner makes a true mistake as to the identity or name of the proper party as opposed to where the plaintiff merely chose the wrong party to sue."[16] That is, "[Delaware] courts generally decline to find a mistake when the plaintiff cannot demonstrate an intent to include the unnamed party before the limitations period expired but will find a mistake if the plaintiff intended to sue certain parties but was misled as to the identity of those parties."[17] Here, there is no mistake of that kind. The petitioner knew who owned the two properties, having been a neighbor of the property owners for over fifteen years. And the only excuse for not naming them is that her attorney did not research who the owners of the properties were and assumed that the property owners' engineer, Ramesh Batta—named as the applicant in the Board's Application for Public Hearing[18] and the Board's Notice of Decision[19]—was somehow also the owner of the properties despite her client knowing otherwise and despite the fact that the Application for Public Hearing clearly states that Batta was the applicant and the Paverds and

---

("Delaware courts follow the strict approach."); *but see Lovett v. Pietlock*, 2011 WL 5354267, at *3 (Del. 2011) (acknowledging the U.S. Supreme Court's guidance in *Krupski*, but finding that the plaintiff failed to show that the defendant should have known that he would have been named in the original complaint but for a mistake of identity).

[16] *CCS Inv'rs, LLC*, 977 A.2d at 313.
[17] *Id.*
[18] App. to Opening Br. at 38 (Board of Adjustment Application for Public Hearing).
[19] *Id.* at 14 (Notice of Decision at 1).

Osbornes were the legal owners.[20]  That is not the sort of mistake that supports relation back under Delaware's Rule 15(c)(3).

We have read the record very closely.  DiFebo did not argue below that Superior Court Rule 15(c), which accords in text with Federal Rule of Civil Procedure 15(c), should be read in accord with *Krupski*, that the nature of the mistake was no longer critical, and that the inquiry should focus solely on "what the party to be added knew or should have known."[21]  Nor has the briefing before us done so in any reliable manner.[22]  Because the question of whether the strict approach traditionally taken by our courts should be relaxed was never fairly presented to the Superior Court or ourselves, we decide the appeal on the basis the parties argued it.[23]  It may be that future cases will present an opportunity to consider that question, but that question should not be decided in a case without fair presentation to the trial court.

Because the Superior Court correctly determined that DiFebo did not satisfy all of Rule 15(c)(3)'s requirements to have her amended petition relate back to her

---

[20] *Id.* at 38 (Board of Adjustment Application for Public Hearing).

[21] *Krupski*, 560 U.S. at 539.

[22] The first time DiFebo raises the U.S. Supreme Court's holding in *Krupski* and this Court's *Lovett v. Pietlock* decision, is in her reply brief.  *See* Reply Br. at 19 n.57.

[23] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *id.* 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

initial filing, we affirm the Superior Court's April 17, 2015 judgment dismissing DiFebo's amended petition.