**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

MICHAEL HAAS,                         )
                                      )
          Plaintiff,                  )
                                      )
    v.                                )
                                      )        C.A. No.: CPU4-17-002181
PETTINARO MANAGEMENT LLC,             )
PETTINARO ENTERPRISES LLC, and        )
PETTINARO ENTERPRISES                 )
HOLDINGS LLC,                         )
                                      )
          Defendants.                 )

Submitted: September 1, 2017
Decided: October 13, 2017

Tabatha L. Castro, Esq.
The Castro Firm, Inc.
1719 Delaware Ave.
Wilmington, DE 19806
*Attorney for Plaintiff*

Eric S. Thompson, Esq.
Franklin & Prokopik
300 Delaware Ave., Ste. 1210
Wilmington, DE 19801
*Attorney for Defendants*

**DECISION ON MOTION TO DISMISS**

**(Amended Case No.)**

**SMALLS, C.J.**

This is a Motion to Dismiss (the "Motion") a Complaint filed by Plaintiff Michael Haas ("Plaintiff"). Defendants Pettinaro Management, LLC, Pettinaro Enterprises, LLC, and Pettinaro Enterprises Holdings, LLC ("Defendants") bring this Motion arguing Plaintiff failed to state a claim upon which relief can be granted pursuant to *Court of Common Pleas Civil Rule* 12(b)(6). On September 1, 2017, the Court held a hearing on the Motion, and reserved its decision. This is the Court's decision on the Motion.

## FACTS AND PROCEDURAL HISTORY

This case involves a slip-and-fall negligence action that Plaintiff alleges he suffered on January 12, 2015 while leaving his place of employment, Navient. On December 21, 2016, Plaintiff filed a complaint against Buccini/Pollin Group, Inc. ("Original Complaint"), alleging *per se* negligence when Plaintiff slipped and fell on black ice in the parking lot between the parking garage and Navient.[1] On February 3, 2017, Buccini/Pollin Group, Inc. was properly served, and on April 5, 2017 a stipulation of dismissal was filed. Both parties signed the stipulation and voluntarily dismissed the matter with prejudice against Buccini/Pollin Group, Inc. Plaintiff stated that it signed the stipulation because it discovered that Defendants were the rightful owners of the property, not Buccini/Pollin Group, Inc.

On May 5, 2017, Plaintiff attempted to amend the Original Complaint, substituting Defendants for Buccini/Pollin Group, Inc. ("Amended Complaint"). However, the Court of Common Pleas' Clerk's Office (the "Clerk's Office") did not accept the Amended Complaint because the stipulation of dismissal had been filed under the *Haas v. Buccini Pollin Group* docket.

---

[1] Plaintiff's Complaint at 1, Michael Haas v. Buccini Pollin Group, C.A. No. CPU4-17-000012 (Del. Com. Pl. Dec. 21, 2016) ("Plaintiff's Original Complaint").

2

Hence, on May 23, 2017, Plaintiff filed the Complaint in the present action ("Present Complaint") against Defendants. The Present Complaint is identical to the Amended Complaint. On July 11, 2017, Defendants were properly served. On July 18, 2017, they filed the present Motion. Defendants allege that Plaintiff's case is barred by the statute of limitations.[2] Defendants argue that because the statute of limitations has passed and Plaintiff has not presented an argument for equitable tolling, his Present Complaint is barred. Alternatively, Defendants note that the relation back doctrine under *Court of Common Pleas Civil Rule 15* is inapplicable to an original complaint.[3]

On July 26, 2017, Plaintiff filed a *Response to Defendants' Motion to Dismiss* ("Response"). Plaintiff argues that his "original intent" was to identify the correct owner of the property where the injury occurred and "protect his interests."[4] In his Response, Plaintiff asserts that he "did his due diligence" when attempting to locate the correct owner of the property.[5] Additionally, Plaintiff asserts that his attempt to file an amended complaint was curtailed by the Clerk's Office.[6] Plaintiff alleges that the reviewing clerk in the File&Serve system rejected his Amended Complaint because the parties had signed the stipulation of dismissal.[7] In light of his intent and the reviewing clerk's rejection of his Amended Complaint, Plaintiff requests that the Court deem the Present Complaint to be the Amended Complaint.[8] In addition,

---

[2] Defendants' Motion to Dismiss at 2.

[3] *Id.*

[4] Plaintiff's Response to Motion to Dismiss at 3.

[5] *Id.* at 4. Exhibit D to Plaintiff's Response indicates that Plaintiff spoke with Jospeh Lisicky, general counsel for The Buccini/Pollin Group, Inc., Katie Ada at Star Building LLC, which is allegedly noted as the owner of the property on the New Castle County Parcel Search website, and "Pettinaro," an affiliate of Star Building, LLC. *See id.*, Exhibit D. According to Plaintiff counsel's legal assistant, "Pettinaro" initially informed Plaintiff that it did not own the property where he was injured.

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

Plaintiff requests that once the Present Complaint is deemed an amended pleading filed on May 5, 2017, the Court should relate it back to the original filing date of December 21, 2016.[9] Plaintiff argues that the requirements of the relation back doctrine are satisfied because the claim is identical, Defendants were not prejudiced as they received notice of the action, and Defendants knew or should have known that the action would have been brought against them.[10]

On September 1, 2017, the parties appeared before the Court for the motion hearing. Naturally, the parties' arguments mirrored their written arguments. Although, defense counsel deviated slightly by introducing two cases for the Court's consideration that were not cited in the Motion: *Lovett v. Pietlock* and *Walker v. Handler*. On September 11, 2017, Plaintiff filed a *Response to Defendants' Case Law Submitted at the Motion Hearing on September 1, 2017*, addressing the aforementioned case law.[11]

## LEGAL STANDARD

On a motion to dismiss, the Court "'must determine whether it appears with reasonable certainty that, under any set of facts which could be proven to support the claim, the plaintiffs would be entitled to relief.'"[12] In making this determination, the Court is limited to consider only facts contained within the four corners of the complaint, and must accept all well-pled allegations as true.[13] In applying this standard, the Court will draw every reasonable factual

---

[9] *Id.* at 5-6.
[10] *Id.* at 6.
[11] Plaintiff's relevant analysis of Defendants' case law will be addressed *infra*.
[12] *Steila v. Steila*, 2009 WL 2581887, at *1 (Del. Com. Pl. Aug. 20, 2009) (quoting *Mortgage Electronic Registration Sys., Inc. v. Haase & Flanagan*, 2006 WL 1454807, at *1 (Del. Super. May 19, 2006)).
[13] *Bowden v. Pinnacle Rehab. & Health Ctr.*, 2015 WL 1733753, at *1 (Del. Super. Apr. 8, 2015) (citing *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. 2009)).

4

inference in favor of the non-moving party.[14] While the Court "is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by plaintiff.'"[15] Ultimately, "[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[16]

## DISCUSSION

The procedural posture of this case is unique and, thus, requires a bifurcated analysis. First, the Court will address whether the Present Complaint, as an original action, will be deemed the Amended Complaint, which Plaintiff attempted to file with the Clerk's Office. Second, if the Present Complaint is deemed to be the Amended Complaint, then the Court will decide whether the May 5, 2017 filing properly relates back to the Original Complaint that was filed within the statute of limitations period. For the reasons discussed below, the Court finds that Plaintiff satisfies the first prong, but fails to meet the requirements of the second prong.

I.      **Fairness dictates the substitution of the Present Complaint for the identical Amended Complaint.**

The Present Complaint will be deemed the identical Amended Complaint because the Clerk's Office improperly prevented Plaintiff from amending the Original Complaint under the *Haas v. Buccini Pollin Group* docket. A court clerk is not a judicial officer; the Clerk's Office does not have the authority to refuse pleadings, unless authorized by law. The foundation of

---

[14] *Dept. of Labor v. Brady*, 2010 WL 8706963, at *2 (Del. Com. Pl. Mar. 23, 2010).

[15] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2003)).

[16] *Bowden*, 2015 WL 1733753, at *1 (citing *Thompson v. Medimmune, Inc.*, 2009 WL 1482237, at *4 (Del. Super. 2009)).

5

such a rule is to prevent the clerk's office from becoming final arbiters of court procedure.[17]

Recently, under a similar posture, the United States Bankruptcy Court for the District of Delaware found that a court clerk's refusal to accept a complaint—a decision which ultimately forced the litigant to file outside the statute of limitations—was improper.[18] In a well-reasoned analysis, the court deemed the clerk's actions purely "[c]lerical duties," which prevented the clerk from rejecting pleadings "even if defective."[19] Specifically, the court stated:

> [T]he clerk has no discretion in the matter and no right to make a judicial determination of whether the paper complies with the Rules or ought to be filed. If the paper has not been presented timely or if it suffers from some other deficiency, it is subject to being stricken by the court, usually upon motion of a party objecting to the paper, but so long as it is properly presented, the clerk must accept and file it.[20]

The bankruptcy court's analysis is instructive and germane to the present case. Based on responses from the File&Serve system, law firm correspondence, and argument at the motion hearing, Plaintiff has presented sufficient evidence that the reviewing clerk improperly rejected his Amended Complaint through the File&Serve system because of the docketed stipulation of dismissal.[21] This Court sees no reason to disagree with the bankruptcy court's cohesive analysis and prevent the substitution of complaints.

Indeed, this Court has previously opined on filings based on misinformation from the Clerk's Office. After a litigant was informed that a limited liability company owned and

---

[17] *See Burns v. Ohio*, 360 U.S. 252, 257 (1959) (finding that "delegation to the clerk of a matter involving no discretion" makes the clerk's correspondence a final judgment).

[18] *See In re Tribune Media Co.*, 552 B.R. 282, 292-95 (Bankr. D. Del. May 25, 2016).

[19] *See id.* at 293 (internal quotation marks omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972)).

[20] *Id.* at 293-94 (quoting *McCray*, 456 F.2d at 4).

[21] These facts distinguish the present case from a factual pattern where the litigant blamed court-personnel for his tardiness in filing an appeal, yet was unable to support his contentions when challenged. *See State v. Carney*, 2008 WL 11343064, at *2-3 (Del. Com. Pl. Oct. 20, 2008) (refusing to accept the defendant's "impression that he needed to speak with [court-personnel] before he was able to appeal" amidst contradictory testimony from the court-personnel).

6

operated by a sole proprietor would not require legal counsel, this Court held, "[w]hen the facts indicate there were efforts by a litigant to comply [with court procedure], and through no-fault of their own are misguided, fundamental fairness requires the Court to balance the relative equities to achieve the prevailing policy that disputes should be resolved on their merits."[22] In denying defendant's motion to dismiss, this Court stated, "[t]o be barred on such a technical violation is fundamentally unreasonable and unfair."[23]

Importantly, this Court notes that this case does not involve a litigant who failed to "act[] diligently" to ascertain a deadline.[24] In *State v. Carey*, this Court found that the defendant did not practice due diligence in determining the filing deadline for an appeal from the Justice of the Peace Court.[25] Unlike a litigant's failure to search for information that "is readily available in any law library," Plaintiff was prevented in this case from filing a document; therefore, his counsel's capacity to research was not deficient.[26]

While Delaware cases addressing clerical errors often involve *pro se* litigants, these cases do not involve a Clerk's Office expressly rejecting a pleading. An express refusal to act strikes the Court as problematic even for represented litigants. While the legal profession boasts many gifted persuaders, an attorney cannot be expected to force the clerk to accept a document. Comparatively, if the facts here simply involved a case of misinformation, Plaintiff's represented status would give the Court pause. The attorney would be expected to research the correct information despite the clerk's error in communication. However, when

---

[22] *Stalana, LLC v. Halmagyi*, 2017 WL 384686, at *2, 4 (Del. Com. Pl. Jan. 27, 2017).
[23] *Id.* at *4.
[24] *State v. Carey*, 2017 WL 3705827, at *2 (Del. Com. Pl. Aug. 18, 2017).
[25] *See id.*
[26] *See id.*

7

an attorney is confronted with a system and court-personnel who prevent the matter from proceeding, the attorney cannot be said to have acted unreasonably when he or she does not resort to insults or threats. The Court cannot allow such obfuscation of court procedure to negatively impact the rights of an innocent litigant. The tenets of fairness and Delaware's policy of resolving cases on the merits demand finding in Plaintiff's favor.

## II. Plaintiff has failed to satisfy the Relation Back Doctrine.

The Relation Back doctrine of *Court of Common Pleas Civil Rule* 15(c) applies to the filing of an amended complaint outside the statute of limitations for the claim.[27] Here, because the personal injury, which has a two-year statute of limitations, occurred on January 12, 2015 and the Amended Complaint was not filed until May 5, 2017, Rule 15(c) is applicable.[28] According to Rule 15(c):

> An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that,

---

[27] *See Ayres v. Delaware State Police*, 2011 WL 13175210, at *2 (Del. Com. Pl. Nov. 4, 2011).

[28] *See* 10 *Del. C.* § 8119 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 ["Alleged deficiencies in the construction of improvements to real property"] of this title."); *accord Vicks v. Justison Landing Aparts.*, 2016 WL 1740889, at *1 (Del. Super. Apr. 28, 2016) (slip-and-fall personal injury subject to two-year statute of limitations).

8

but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[29]

Pursuant to the applicable subsection, Rule 15(c)(3), Plaintiff must not only prove that the pled claim "arose out of" the same conduct, but he must also prove that Defendants were notified of the action, and Defendants "knew or should have known" that Plaintiff would sue them "but for a mistake concerning [Defendants'] identit[ies]."[30]

### A. Rule 15(c)'s "Arose out of" Prong

The first prong is not at issue in this case since the Amended Complaint concerns the same claim and conduct as the Original Complaint. In his Original Complaint, Plaintiff alleged:

> 3. On January 12, 2015, Plaintiff was leaving his place of employment, Navient, when he slipped and fell on black ice in the parking lot between the parking garage and the building in which he works in. As he was attempting to proceed to his vehicle, Plaintiff fell on black ice, once again.
>
> 4. The accident happened as a result of the per se negligence of the Defendant owner of this property.[31]

Plaintiff argued that Defendant Buccini/Pollin Group, Inc.'s failure to inspect/supervise/maintain the premises proximately caused Plaintiff's injuries.[32] Plaintiff's Amended Complaint avers the same against Defendants.

---

[29] Ct. Com. Pl. Civ. R. 15.
[30] *Id.*
[31] Plaintiff's Original Complaint at 1.
[32] *Id.*

9

## B. Rule 15(c)'s "Notice" Prong

The second prong regarding notice requires that the intended party to be added have notice of the "lawsuit, not merely of a claim or allegation" against them.[33] The notice of a lawsuit "need not be formal, include service of process, nor must it be in writing."[34] Nevertheless, if the section does not set forth a distinct period for service, then the notice must be provided within one-hundred and twenty (120) days from the filing of the original complaint.[35]

Although not addressed in the Motion, the Court notes preliminarily that Plaintiff satisfied the time requirement of Rule 15(c)(3).[36] The Original Complaint was filed on December 21, 2016, Plaintiff indicated in March 6, 2017 email correspondence that his counsel's law firm spoke with "Pettinaro" regarding ownership of the property, and Plaintiff filed the Amended Complaint on May 5, 2017. Plaintiff was not required to notify Defendants of the lawsuit within the statute of limitations;[37] however, he was required to notify Defendants

---

[33] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 265 (Del. 1993), *superseded in part by amendment*, Ct. Com. Pl. Civ. R. 15 (1993), *as recognized in Schott v. Hechinger Co.*, 1997 WL 358306, at *2 (Del. Super. Mar. 20, 1997).
[34] *See Ayres*, 2011 WL 13175210, at *3 (citing *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 265 (Del. 1993)) (finding the "notice" prong was satisfied regarding adding previously unidentified Delaware State Police officers to the action when the State and DSP were already on notice and counsel represented all defendants); *Johnson v. State Dep't of Transp.*, 2011 WL 6016912, at *3 (Del. Com. Pl. Oct. 27, 2011) (finding an employee of DelDOT was notified of the lawsuit when his employer was served); *see also Dobson v. McKinley*, 2009 WL 891056, at *4 (Del. Super. Mar. 31, 2009) (holding that an existing third-party defendant who was "actively engaged in discovery" was on notice when the amended complaint was identical to the third party complaint).
[35] *See DiFebo v. Bd. of Adjustment*, 132 A.3d 1154, 1156-57 (Del. 2016) ("[The plaintiff] had 120 days from the time she filed her initial petition to satisfy Rule 15(c)(3)'s requirements to have her amended petition relate back to her initial filing."); *Walker v. Handler*, 2010 WL 4703403, at *3 (Del. Super. Nov. 17, 2010) (substituted party received service one day after the statute of limitations expired but before one-hundred and twenty (120) days allowed for service under Rule 4(j)); *Schott*, 1997 WL 358306, at *1 (complaint amended after the statute of limitations but within one-hundred and twenty (120) days from the filing of the original complaint).
[36] Ct. Com. Pl. Civ. R. 15(c)(3) ("and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment . . . .").
[37] *See DiFebo*, 132 A.3d at 1156.

within the one-hundred and twenty (120) days provided under Rule 4(j).[38] Granting Plaintiff's evidence wide latitude,[39] Plaintiff notified Defendants within the one-hundred and twenty (120) day requirement of Rule 4(j), or prior to April 20, 2017.[40]

Turning to the notice's substance, there is no evidence that Defendants received express notice of this *lawsuit*. Again, even if the Court were to grant allowances for the email correspondence which Plaintiff relies on, the evidence is insufficient. The email correspondence submitted by Plaintiff into evidence does not establish notice of a lawsuit— only a claim. There is no statement that "Pettinaro" was informed of the lawsuit. The only response attributed to "Pettinaro" is an affirmance that they were not the owners of the property. Ignoring for the moment that this response was not direct correspondence from Pettinaro, the statement, "[w]e have reached out to Pettinaro and were told that they are not the owners," is vague as to whether Pettinaro was informed that Plaintiff was attempting to sue them for his injury. The Court will not engage in speculative fact-finding and; therefore, the record is devoid of express notice to Defendants of this lawsuit.

---

[38] *See Walker*, 2010 WL 4703403, at *3 ("Under the present Rule 15(c) notice may be given after termination of the limitations period, provided that service is made within the additional 120–day period required by Rule 4(j)."); *Schott*, 1997 WL 358306, at *1; Ct. Com. Pl. Civ. R. 4.

[39] First, the Court would need to deem Plaintiff's email correspondence as sufficiently corroborated—despite it not containing direct responses from Defendants. Second, the Court would need to find the two emails referencing "Pettinaro" to be referring to the specific entities in this case.

[40] Presumably, Defendants did not raise this issue because the result is the same. That is, while the notice here was sent through email prior to the service period expiring, the substance of the notice did not indicate that Plaintiff was commencing a lawsuit. Because the relation back doctrine requires proving notice of the lawsuit, properly serving an amended complaint is sufficient to place the new party on "notice," as defined by case law. *See Ayres*, 2011 WL 13175210, at *3. However, notice of a lawsuit can occur without serving a complaint, such as informing the party that one intends to sue. *See id.* In the present case, as discussed below, while Plaintiff's instrument of notice was not required to be an amended complaint, the instrument must be filed within the allowable time period as well as inform the intended party of an impending lawsuit.

11

Alternatively, Plaintiff relies on *Lovett v. Pietlock* for the argument that Defendants, as corporate entities, have "constructive knowledge of a potential injury occurring on their premises."[41] This is a misinterpretation of *Lovett*; the case states no such "corporate entity" rule.[42] Moreover, the plaintiff's case in *Lovett* is bolstered by evidence that is not present here. *Lovett* involved a plaintiff wishing to amend his complaint against the Delaware State Police and Corporal Pietlock by adding three additional Delaware State troopers as defendants.[43] Lovett advanced two theories of constructive notice: "the shared attorney theory" and "identity of interest theory."[44] The former theory imputes notice to employees of the State when the State Attorney General's Office would be required to represent the three additional officers in conjunction with the other defendants.[45] The latter theory imputes notice "because the Attorney General has an identity of interest with every police officer in the State."[46] The court in *Lovett* found neither theory persuasive because the plaintiff did not support his inferences with evidence of a "specific relationship or pertinent communication between the State and the three officers."[47] The Court found only a "general organizational connection" present.[48]

Liberally construing *Lovett*, Plaintiff's analogy between a corporate employee and a state employee is not void at inception; however, Plaintiff has failed to present even a "general

---

[41] Plaintiff's Response to Defendants' Case Law Submitted at the Motion Hearing on September 1, 2017 ("Plaintiff's Response"), at 1.
[42] *See generally Lovett v. Pietlock*, 2011 WL 149349 (Del. Super. Jan. 5, 2011).
[43] *See id.* at *1.
[44] *See id.* at *2.
[45] *See id.*
[46] *See id.*
[47] *See id.* at *3.
[48] *See id.*

organizational connection" in the case at bar.[49]  That is, Plaintiff has failed to support a generalized connection between Buccini/Pollin Group, Inc. and Defendants, let alone establish the specific relationship that "'the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'"[50]  Neither connection exists here.[51]

### C. Rule 15(c)'s "Mistake" Prong

Regarding the third prong, the Delaware Supreme Court recently supported Delaware's divergence from federal precedent; precedent which allows the "mistake" prong of the analogous federal relation back doctrine to be satisfied by "any reason."[52]  Supporting a "'strict approach'" to defining "mistake," the Delaware Supreme Court stated:

> [T]his Court expressed that "a mistake occurs when the petitioner makes a true mistake as to the identity or name of the proper party as opposed to where the plaintiff merely chose the wrong party to sue."  That is, "[Delaware] courts generally decline to find a mistake when the plaintiff cannot demonstrate an *intent to include the unnamed party before the limitations period expired* but will find a mistake if the plaintiff intended to sue certain parties but was misled as to the identity of those parties."[53]

---

[49] *See id.*

[50] *Walker*, 2010 WL 4703403, at *3 (quoting *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994)).

[51] Plaintiff did not proffer a third theory of "constructive notice," yet the plaintiff in *Atwood v. Cameron* presented a general theory that a company is "constructively notified" when its employee—who collided with the plaintiff while the employee was on official business—is the intended defendant to be added to the suit. *Atwood v. Cameron*, 2012 WL 3642707, at *2 (Del. Super. July 31, 2012) (internal quotation marks omitted).  The Superior Court was unpersuaded and required the employee to be individually notified by the employer of an actual lawsuit. *See id.*  This third theory also does not support Plaintiff's position because: (1) an employee is not alleged to be at fault and, if an analogy was made to Defendants as corporate entities, (2) this general theory would still require Defendants to be individually notified of the lawsuit.

[52] *See DiFebo*, 132 A.3d at 1157-58.

[53] *Id.* at 1158 (emphasis added) (footnotes omitted) (quoting *CCS Inv'rs, LLC v. Brown*, 977 A.2d 301, 313 (Del. 2009)) (internal quotation marks omitted).

Plaintiff admits that he was "mistaken as to the correct owner of the property,"[54] unfortunately, this is not enough.[55] Plaintiff's intent to include Defendants is not a "mistake" as defined by the Delaware Supreme Court in *DiFebo v. Board of Adjustment of New Castle County*, but simply a choice to sue the improper party.[56] In fact, the Supreme Court in *DiFebo* refused to allow the petitioner to amend a petition that sought review of a Board of Adjustment decision under the relation back doctrine because the petitioner's "only excuse for not naming [the proper owners of the properties] [was] that her attorney did not research who the owners of the properties were and assumed that the property owner's engineer . . . was somehow also the owner of the properties."[57]

Indeed, the Delaware Superior Court has prevented the amending of a complaint to add a defendant's company when the "only 'mistake'" was the plaintiff's "failure to ferret-out [the company's] potential involvement sooner."[58] This Court has been presented with no basis to diverge from this precedent. Even if Plaintiff was unaware of who owned the Property where he was injured, a quick search would have placed Plaintiff on notice of the proper party to sue. Actions which the general counsel for Buccini/Pollin Group, Inc. performed as indicated in his email to Plaintiff's counsel on February 7, 2017.[59] Plaintiff could have simply searched the New Castle County Parcel Search website and compared the office location of

---

[54] Plaintiff's Response at 2.
[55] *See McClain v. McDonald's Restaurants of Delaware, Inc.*, 2011 WL 2803108, at *5 (Del. Super. July 5, 2011) (noting that "mistake" is defined as a "misnomer or misidentification" and not a "failure to ascertain the correct premises (and thus the responsible entity)"), *aff'd*, 32 A.3d 989 (Del. 2011).
[56] *See DiFebo*, 132 A.3d at 1158.
[57] *See id.* (noting that the attorney could have asked the client or consulted the appropriate documentation).
[58] *Atwood*, 2012 WL 3642707, at *2 (quoting *Lovett v. Pietlock*, 2011 WL 149349 (Del. Super. Jan. 5, 2011)).
[59] Plaintiff's Response, Exhibit D.

14

Plaintiff's employer, Navient, with the owner of Navient's office location, Star Building LLC, and then compared Star Building LLC's address with the Defendants' office location.[60]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff cannot claim that his Amended Complaint relates back to the Original Complaint and, therefore, his defense to the statute of limitations is unavailing.

**IT IS SO ORDERED.**

Alex J. Smalls
Chief Judge

Haas-OP  Oct 13 2017

---

[60] *See id.*