IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JENNIFER M. CLIFTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N19C-03-226 CEB |
| v. | ) | |
| | ) | |
| RITE AID OF DELAWARE, INC., | ) | |
| Delaware Corporation, and | ) | |
| MEDI-PURE INCORPORATED | ) | |
| A Foreign Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: February 13, 2020
Decided: July 8, 2020

**ORDER**

Before the Court is a motion for summary judgment filed by Defendant Medi-Pure ("Medi-Pure"). After reviewing the motion and responsive pleadings, it appears to the Court that:

1. On or about September 13, 2017 Jennifer Clifton ("Plaintiff") visited Rite Aid.[1] Plaintiff claims that while on the premises she slipped and fell on water that was leaking from a cooler.[2] Plaintiff claims that the area where she fell was

---

[1] Amended Complaint, D.I. 18.
[2] *Id.*

1

devoid of any signs or mats warning of the hazard, and this negligence caused her to fall and sustain injuries.[3]

2.     Plaintiff originally filed this negligence claim in March, 2019, solely against Rite Aid.[4]  On September 19, 2019 Rite Aid apprised Medi-Pure of the Plaintiff's claim against it and requested contractual defense.[5]  On October 2, 2019 counsel for Rite-Aid identified the Rite-Aid/Medi-Pure contractual relationship to Plaintiff, and on October 8, 2019 Plaintiff and Rite-Aid filed a stipulated Motion for Leave of Court to add Medi-Pure as a defendant, which was granted.[6]  Finally, Rite Aid filed an answer and cross-claim against Medi-Pure, pointing to its contractual agreement with Medi-Pure to "provide preventative service to water systems/water coolers"[7] and under which Medi-Pure agreed to indemnify Rite-Aid.[8]

3.     Medi-Pure has moved for summary judgment, urging that Plaintiff did not file the Amended Complaint within 120 days of filing the original complaint. This 120-day rule will be relevant to the decision, so it is helpful to understand the relevant dates. The incident occurred on September 13, 2017. It is a personal injury action with a two-year statute of limitations.[9]  Plaintiff filed her complaint solely

---

[3] *Id.*
[4] Complaint, D.I. 1.
[5] Rite Aid Answer, D.I. 21 at Ex. D.
[6] Order, D.I 17.
[7] Rite Aid's Answer and Crossclaim, D.I. 21 at 9.
[8] *Id.* at 10.
[9] *10 Del. C.* §8107.

against Rite Aid on March 21, 2019, well within the statute. But Medi-Pure was not added as a defendant until October 8, 2019 (although Rite-Aid notified Medi-Pure of the litigation on September 19, 2019). Thus, Medi-Pure was notified and served more than 120 days after service of the initial complaint and after the two-year statute of limitations had expired but within 120 days thereafter.

4.     In order for a defendant to be added to litigation after the statute of limitations has expired, the Plaintiff must satisfy the requirements of Rule 15(c), the "relation back" doctrine.

5.     Under Rule 15(c), an amended complaint relates back to the date of the filing of the original pleading if the amended complaint:

(1)     relates to the same conduct or occurrence set forth in the original pleading and
(2)     *within in the period provided by statute or these Rules for service of the summons and complaint,* the party sought to be added received notice of the action and
(3)     knew or should have known that but for a mistake, it would have been named initially.[10]

6.     There is no question but that the amended complaint relates to the same conduct or occurrence set forth in the original pleading. Rule 15(c)(1) is satisfied.

7.     Under Rule 4(j), a complaint and summons must be served within 120 days after filing. Did Medi-Pure receive notice of the lawsuit within two years -- the period provided by statute -- or 120 days thereafter? The answer is that it received

---

[10] D.R.C.P. Rule 15(c).

3

notice approximately seven days after the statute of limitations expired, well within the time for serving a summons and complaint, had the complaint been filed on the last day of the statute.

8.    Medi-Pure argues that the "period provided by…these Rules for service of the summons and complaint" relate to service and summons of *this* complaint, meaning 120 days from its filing in March of 2019.  Because Medi-Pure was not notified until October 2019, it was long after the 120 days it believes applies.

9.    For better or worse, the Court is familiar with this argument and was forced to wrestle it to the ground in a case captioned *Franco v. Acme Markets*, another late-noticed amendment to add a party in a slip and fall in a store.[11]  In that case, the Court ruled that Rule 15(c)(2) permits amendment to a complaint if it is filed within 120 days of the statute of limitations for such claims, regardless when this particular suit was filed.  The Court reasoned thus:

> It seems self-evident that a rule governing the relation back of a new pleading to a prior pleading would have but one purpose: avoiding a limitations period that would otherwise apply if the prior pleading were deemed improper for technical, remediable reasons. A rule limiting relation back of an amendment to 120 days of initial filing, regardless of the statute of limitations, serves no purpose at all. Defendant's construction divorces Rule 15(c) from the statute of limitations - the very reason for its existence - and asks the Court to engage in grammatical diagramming without regard to what the sentence seeks to accomplish.[12]

---

[11] *Franco v. Acme Markets,* 2018 WL 5840658 (Del. Super. 2018).
[12] *Id.* at * 3.

The Supreme Court may ultimately find fault in this conclusion, but Medi-Pure has not convinced the Court of its error yet. The Court retains its belief that Rule 15(c)(2) effectively extends the statute of limitations by 120 days regardless of when the initial complaint was filed.

10. Medi-Pure asks the Court to consider the Delaware Supreme Court's decision in *DiFebo v. Bd. of Adjustment of New Castle County*.[13] The *DiFebo* case did deal with application of Rule 15(c) and did recite that amendments must be brought within 120 days of the filing of the complaint. But the Court did not analyze Rule 15(c)(2) and the specific issue raised by Medi-Pure here. Rather, *DiFebo* turned on application of the knowledge requirement of Rule 15(c)(3). While *DiFebo* is certainly notable, the Court does not find it controlling on the issue posed by these pleadings.

11. As to the knowledge requirement, the question becomes whether, within the limitations period or 120 days thereafter, Medi-Pure learned that but for a mistake, it would have been named in the lawsuit? Having determined that Medi-

---

[13] 132 A.3d 1154 (Del. 2016). In an ironic twist of fate, this is actually the second time the Court has considered *DiFebo,* as it was discussed in some detail in the Court's opinion in *Vondrasek v. Bd. of Adjustment of the City of Wilmington*, 2017 WL 1735402 (Del. Super. May 1, 2017) (Butler, J.), yet another dive into relation back and Rule 15(c) and cited by defendant in support of its position here.

Pure was put on notice within a week of the statute's expiration, the Court must conclude that Rule 15(c)(3) is satisfied.[14]

In light of the foregoing, the Court concludes that defendant Medi-Pure's motion for summary judgment must be **DENIED.**

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[14] The Court notes that Rite-Aid has filed a full-throated opposition to Medi-Pure's effort to depart the lawsuit, arguing that it has cross-claims and indemnification claims of its own. That is all certainly true, but the Court need not reach those issues in light of its ruling herein.